UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESALDO SHALTO,

    Plaintiff,

-against-

BROADWAY BARBERS LIC INC., et al.,

    Defendants.

24-CV-795 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed plaintiff's letter dated February 26, 2024 (Pl. Ltr.) (Dkt. 10), submitted in response to the Court's Order to Show Cause (OSC) (Dkt. 9) why this action, brought under the Americans with Disabilities Act (ADA), should not be transferred to the Eastern District of New York. Plaintiff concedes that the allegedly inaccessible barbershop, as well as both named defendants, are located in Queens County, which is in the Eastern District of New York, but argues that venue is nonetheless proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred") because defendants "advertis[e], hand[] out pamphlets and solicit[] customers on Roosevelt Island," which is where plaintiff resides and is in the Southern District of New York. Pl. Ltr. at 1. Plaintiff argues that he "would not have known about the Defendants' business" but for that advertising, *id*., and therefore that defendants' activities on Roosevelt Island should be "regarded as constituting a substantial part of events giving rise to the claim." *Id*. at 1-2 (quoting *Pilates, Inc. v. Pilates Institute, Inc.,* 891 F. Supp. 175, 181 (S.D.N.Y. 1995)).

    The Court is not persuaded. *Pilates* was a trademark infringement action, in which defendants allegedly infringed plaintiff's trademark in numerous judicial districts, including the Southern District of New York, where they "advertis[ed] goods using the allegedly infringing

mark" and "offer[ed] workshops on the Pilates method." 891 F. Supp. at 179; *see also id*. at 182 (noting that, in trademark infringement cases, "venue may be proper in each jurisdiction *where infringement is properly alleged to have occurred*") (emphasis added). This is an ADA action. It arises out of the alleged barriers to access at the barbershop – in Queens – not defendants' advertising and solicitation efforts. Put another way, if defendants violated the ADA, they did so only in Queens. Consequently, the Eastern District of New York is the only judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[1]

"Whether to dismiss an improperly venued case outright, or transfer it to a district where it 'could have been brought,' *see* 28 U.S.C. § 1406(a), is within the discretion of the court where the case was initially filed." *Alexander v. Commmissioner of Soc. Sec.*, 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023) (collecting cases). Because "[t]he purpose of 28 U.S.C. § 1406(a)'s transfer provision is to 'remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits,'" *Rolle v. Berkowitz*, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)) (cleaned up), it is frequently more efficient to transfer the case than to dismiss it, "particularly where, as here, there is only one district in which the case could have been brought." *Alexander*, 2023 WL 6125634, at *3.

---

[1] Plaintiff notes that in *Shalto v. New Win Shing Inc.*, No. 24-CV-244 (S.D.N.Y.), on similar facts, another judge of this Court issued an unpublished order on January 23, 2024, discharging an Order to Show Cause raising the venue issue "without prejudice to any venue argument that Defendants may raise" once they appeared. Pl. Ltr. at 2. *Id.* at Dkt. 7. However, the *Shalto v. New Win Shing Inc.* order does not explain the reason for that result, and does not persuade me to take the same approach here.

"A court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte*," that is, without waiting for a formal motion seeking such relief. *Colacino v. Davis*, 2020 WL 4340730, at *1 (S.D.N.Y. July 28, 2020) (quoting *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006)). Moreover, transfer orders are non-dispositive and consequently are within the authority of a magistrate judge acting pursuant to 28 U.S.C. § 636(b)(1)(A). *Cruz v. Decker*, 2019 WL 4038555, at *2 (S.D.N.Y. Aug. 27, 2019); *Adams v. Barnhart*, 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003).

Because this action was improperly filed in the Southern District of New York, this Court must either dismiss it or transfer it to the Eastern District of New York. In order to promote the "expeditious and orderly adjudication" of this case on the merits, *Rolle*, 2004 WL 287678, at *3, I have determined to transfer the case. Consequently, it is hereby ORDERED that this case be TRANSFERRED to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a).

Since defendants have not yet appeared, it is further ORDERED that plaintiff shall promptly serve a copy of this Order upon defendants and, upon the docketing of this action in the Eastern District of New York, shall file proof of such service on the docket there.

The Clerk of Court is respectfully directed to transfer this case to the Eastern District of New York.

Dated: New York, New York
       February 28, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**